UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-24326-LENARD

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

INNOVIDA HOLDINGS, LLC, et al.,

Defendants.

_____/

JUDGMENT OF PERMANENT INJUNCTION AND
OTHER RELIEF AS TO DEFENDANT INNOVIDA HOLDINGS, LLC

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant InnoVida Holdings, LLC.  In its Complaint, the Commission sought, among other relief against InnoVida: (1) a permanent injunction to prohibit violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; (2) disgorgement and prejudgment interest; and (3) a civil money penalty pursuant to Section 21A of the Exchange Act  [15 U.S.C. § 78u-1] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

InnoVida has entered a general appearance and consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the Judgment.  This Court having accepted InnoVida's Consent, having jurisdiction over InnoVida and the subject matter of this action:

# I.

## SECTION 17(A) OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that InnoVida and its agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from: violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud; to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading either orally or in writing, or to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, concerning: (i) the business prospects, success level, share prices, assets, or buyout agreements of any company involved in a securities offering; and (ii) the use of investor funds.

# II.

## SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5(B)

**IT IS FURTHER ORDERED AND ADJUDGED** that InnoVida and its agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from: violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Exchange Act [15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to employ any device, scheme, or artifice to defraud, to make any untrue statement of a material

fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading either orally or in writing, or to engage in any act, practice, or course of business which operates or would   operate as a fraud or deceit upon any person concerning: (i) the business prospects, success level, share prices, assets, or buyout agreements of any company involved in a securities offering; and (ii) the use of investor funds.

### III.

### <u>DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that InnoVida shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from March 31, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) InnoVida will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) InnoVida may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In

connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### IV.

### INCORPORATION OF INNOVIDA'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of InnoVida is incorporated herein with the same force and effect as if fully set forth herein, and that InnoVida shall comply with all of the undertakings and agreements set forth therein.

### V.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

### VI.

### CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this _18_ day of _April_____, 2013 at Miami, Florida.

_____
UNITED STATES DISTRICT COURT JUDGE

Copies to all counsel and parties of record